

MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

S. WAQAR HASIB (CABN 234818)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-6982
    Waqar.hasib@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) CASE NO. 13-0756-WHA |
|---|---|
| Plaintiff, | ) [PROPOSED] DETENTION ORDER |
| v. | ) |
| WENDELL JOHNSON, | ) |
| Defendant. | ) |

    An Indictment filed in the Northern District of California charged Wendell JOHNSON with a drug offense carrying a maximum sentence of at least ten years under the Controlled Substances Act. For the reasons set forth below, the Court detains JOHNSON as both a risk of flight and a danger to the community. See 18 U.S.C. § 3142.

### I.     LEGAL STANDARDS

    Under the bail statute, 18 U.S.C. § 3142, a Court may order the release of a defendant unless conditions of release will not reasonably assure the defendant's appearance or the safety of the

community or another person. The Court must order a defendant detained if, after a hearing pursuant to the provisions of Section 3142(f), the Court finds that conditions cannot be fashioned to assure the defendant's appearance in Court or the safety of the community or another person. See 18 U.S.C. § 3142(e). For a drug offense with a maximum prison sentence of at least ten years, "[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person . . . and the safety of the community." 18 U.S.C. § 3142(e)(3). The presumption shifts a burden of production to a defendant, but the burden of persuasion remains with the government. See United States v. Hir, 517 F.3d 1081, 1086 (9th Cri. 2008).

Under Section 3142(f), the Court holds hearings only in certain cases, including on the government's motion in drug cases involving a maximum sentence of at least ten years. At the hearing, the Court determines whether any conditions in Section 3142(c) will reasonably assure the defendant's appearance and the safety of the community or another person. The Court may hold the detention hearing immediately at the defendant's first appearance, but the government may continue the hearing for three days and the defense may continue it for five days. See 18 U.S.C. § 3142(f). Further continuances are allowed only for good cause. See id. A defendant has certain rights at the hearing, including the right to be represented by counsel and the opportunity to testify, present witnesses, and present information by proffer or otherwise. See id. Section 3142(f) addresses other procedural issues including the following: (1) the rules of evidence do not apply at a detention hearing and (2) a court must have clear and convincing evidence to support a finding that conditions of release will not reasonably assure the safety of the community or another person.

In evaluating whether conditions can be fashioned to assure the safety of the community or another person, a Court considers the factors in Section 3142(g), including (1) the nature and circumstances of the offense, including whether the offense is one of certain enumerated crimes (including a controlled substance offense), (2) the weight of the evidence, (3) the history and characteristics of the person (including his job, financial resources, family ties, community ties, substance abuse history, physical and mental condition, character, criminal history, past conduct, track record in appearing in court, and whether at the time of arrest the person was on supervision for parole, probation, or other release in a pending criminal case), and (4) the nature and seriousness of the danger

[PROPOSED] DETENTION ORDER
13-0756-WHA                                    2

to any person or the community posed by the person's release.

## II. PROCEDURAL FACTS

The defendant initially appeared before the Honorable Jacqueline Scott Corley, U.S. Magistrate Judge, on December 20, 2013, charged with the instant offense. By motion in open court on December 20, 2013, the government asked for the mandatory detention hearing under Section 3142(f) for drug offenses carrying a maximum penalty of at least ten years, and asked for a continuance. With the government and the defense counsel's agreement, the Court (a) set a detention to take place two Court days later – on December 24, 2013 before the Honorable Nandor J. Vadas, (b) referred the matter to Pretrial Services for a bail study, and (c) detained the defendant pending the hearing, as required by Section 3142(f).

On December 24, 2013, Pretrial Services provided a report that included criminal history, employment history, health information, and surety information. The criminal history showed multiple previous convictions for drugs and firearms offenses dating back to 1989.

## III. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Following a hearing under 18 U.S.C. § 3142(f), and considering the factors set forth in Section 3142(g), the Court finds that no condition or combination of conditions in Section 3142(c) will reasonably assure the appearance of the defendant as required and the safety of any other person or the community. In particular, the Court considered the following facts and 3142(g) factors.

### A. The Nature and Circumstances of the Offense

JOHNSON is accused of dealing drugs in a school zone. The Court considered the government's argument that the alleged offense occurred during school hours in broad daylight, as well as JOHNSON's argument that the alleged offense involved a small amount of drugs.

### B. The Weight of the Evidence

While the weight of the evidence is the least important factor, see e.g., United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991), it is relevant to the Court's assessment of danger to the community and risk of the defendant's non-appearance in Court. The government represented that the case against JOHNSON involves a videotaped purchase of heroin that was also observed by law enforcement

officers.

### C. The History and Characteristics of Phaouthoum

According to the pretrial services report, JOHNSON has sustained numerous previous convictions for drugs and firearms-related offenses, dating back to 1989. Among the more troubling are his 1992 federal convictions for manufacturing crack cocaine and being a felon in possession of a firearm. JOHNSON was sentenced to 15 years in prison for those offenses, and served an additional 30 months after being released from custody when he violated the terms of his supervised release. These facts indicate to the Court that no conditions can be fashioned that would allow JOHNSON to be released pending trial in the instant case.

Additionally, JOHNSON currently has pending charges in state court for an alleged murder-for-hire offense. JOHNSON is alleged to have committed the instant offense while on pretrial release from those pending charges. These facts further indicate to the Court that there are no sufficient conditions that could be fashioned in this case. These facts also demonstrate that JOHNSON poses a danger to the community.

The Court is also concerned that JOHNSON was evasive about his living situation and residential address when questioned by Pretrial Services. JOHNSON has also used at least one alias and two social security numbers in the past. JOHNSON has also had multiple bench warrants issued for his arrest in previous proceedings, although none have been issued in his most recent state court case, described above. Taken together, these facts indicate to the Court that there are no conditions that exist that would reasonably assure JOHNSON's appearance at future proceedings.

### D. Conclusions of Law

The Court concludes that JOHNSON is both a risk of flight and a danger to the community. In particular, the Court finds by clear and convincing evidence that no conditions will reasonably assure the safety of the community or others, and by a preponderance that no conditions will reasonably assure the defendant's appearance See 18 U.S.C. § 3142(f).

## IV. DETENTION ORDER

Having found JOHNSON both a risk of flight and a danger to the community, the Court orders

[PROPOSED] DETENTION ORDER
13-0756-WHA                                4

JOHNSON detained pending trial. The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. See 18 U.S.C. § 3142(i)(2). The defendant must be afforded a reasonable opportunity to consult privately with counsel. See id. § 3142(i)(3). On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility must deliver the defendant to the United States Marshal for a court appearance. See id. § 3142(i)(4).

IT IS SO ORDERED.

DATED: 12/24/13

HON. NANDOR J. VADAS
United States Magistrate Judge